1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JAMES T. RODGERS,

11            Plaintiff,                    No. CIV S-05-0850 DFL PAN P

12      vs.

13  JOANNE HENDRICKS,[1]

14            Defendant.            FINDINGS AND RECOMMENDATIONS

15  _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17  42 U.S.C. § 1983.   On September 20, 2005, defendants filed a motion to dismiss.  On August 4,

18  2005, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56

19  of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir.

20  1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409,

21  411-12 (9th Cir. 1988).   In that same order, plaintiff was advised of the requirements for filing

22  an opposition to the pending motion and that failure to oppose such a motion might be deemed a

23  waiver of opposition to the motion.

24            On February 27, 2006, plaintiff was ordered to file an opposition or a statement of

25  non-opposition to the pending motion within thirty days.  In the same order, plaintiff was

26
_____
[1]  Defendant Hendricks was the sole defendant ordered served in this action.  See July 15,
2005 order.

1

1   informed that failure to file an opposition would result in a recommendation that this action be

2   dismissed pursuant to Fed. R. Civ. P. 41(b).

3          On March 6, 2006, plaintiff filed a document entitled opposition to motion to

4   dismiss, but stated he had not received a copy of the motion to dismiss.  On April 21, 2006,

5   plaintiff was sent a copy of the motion and granted thirty days to file an opposition.  That thirty

6   day period has now expired and plaintiff has not responded to the court's order.

7          "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

8   an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

9   1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992).  "In determining whether to dismiss a case for

10  failure to comply with a court order the district court must weigh five factors including:  '(1) the

11  public's interest in expeditious resolution of litigation;  (2) the court's need to manage its docket;

12  (3) the risk of prejudice to the defendants;  (4) the public policy favoring disposition of cases on

13  their merits;  and (5) the availability of less drastic alternatives.'"  Ferdik, at 1260-61 (quoting

14  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

15  F.3d 52, 53 (9th Cir. 1995).

16         In determining to recommend that this action be dismissed, the court has

17  considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly

18  support dismissal of this action.  The action has been pending for over a year.  Plaintiff's failure

19  to comply with the Local Rules and the court's February 27, 2006 and April 21, 2006 orders

20  suggest that he has abandoned this action and that further time spent by the court thereon will

21  consume scarce judicial resources in addressing litigation which plaintiff demonstrates no

22  intention to pursue.

23         The fifth factor also favors dismissal.  The court has advised plaintiff of the

24  requirements under the Local Rules and granted ample additional time to oppose the pending

25  motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

26  /////

1            Under the circumstances of this case, the third factor, prejudice to defendants

2 from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to

3 oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, at

4 1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to continue

5 an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition of cases

6 on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons

7 set forth supra, the first, second, and fifth factors strongly support dismissal and the third factor

8 does not mitigate against it.  Under the circumstances of this case, those factors outweigh the

9 general public policy favoring disposition of cases on their merits.  See Ferdik, at 1263.

10            For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be

11 dismissed pursuant to Federal Rule of Civil Procedure 41(b).

12            These findings and recommendations are submitted to the United States District

13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

14 days after being served with these findings and recommendations, any party may file written

15 objections with the court and serve a copy on all parties.  Such a document should be captioned

16 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised

17 that failure to file objections within the specified time may waive the right to appeal the District

18 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19 DATED:  June 12, 2006.

20

21                          _____

22                          UNITED STATES MAGISTRATE JUDGE

23  001;rodg0850.46fr

24

25

26